**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON COLON and** | : | |
| **MARIA JACQUELINE** | | |
| **DISEN-COLON,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:02-2123** |
| v. | : | **(MUNLEY, D.J.)** |
| | | **(MANNION, M.J.)** |
| **COLONIAL INTERMEDIATE UNIT** | : | |
| **20, JEFFREY KARPEN, CHERYL** | | |
| **BERRY, and JOSEPH MICKLEY,** | : | |
| **Defendants** | : | |

**O R D E R**

Pending before the court is a motion filed by the defendant, Colonial Intermediate Unit 20, ("CIU"), pursuant to Fed.R.Civ.P. 35, for a mental examination of the minor plaintiff, Brandon Colon. (Doc. No. 78). Based upon a review of the documents filed in relation thereto, the court will grant the defendant's motion.

While the overall scope of discovery is governed by the liberal standards of Rule 26(b), a party seeking a court order compelling a mental examination must satisfy the express limitations set forth under Rule 35(a). See Schlagenhauf v. Holder, 379 U.S. 104 (1964). Rule 35(a) states, in pertinent part, "when the mental or physical condition . . . of a party . . . is in controversy, the court . . . may order the party to submit to a physical or mental examination . . . the order may be made only on motion for good cause shown and upon notice to the person to be examined . . ." Fed.R.Civ.P. 35(a). In seeking to compel a mental examination, the movant must make an "affirmative showing . . . that each condition to which the examination is

sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf, 379 U.S. at 118.

As pointed out by the defendant, courts tend to order mental examinations where: (1) there is a separate tort claim for emotional distress; (2) the claimant alleges that (s)he suffers from a severe ongoing mental injury or psychiatric disorder, (3) the claimant will offer expert testimony to support the claim, or (4) the plaintiff concedes his/her mental condition is in controversy. See Smith v. J.I. Case Corp., 163 F.R.D. 229, 230 (E.D.Pa. (Citations omitted); Shirsat v. Mutual Pharm. Co., 169 F.R.D. 68, 69 (E.D.Pa. 1996).

In this case, despite the plaintiffs' claim to the contrary, the plaintiffs have directly placed the minor plaintiff's mental health condition in controversy. To this extent, the plaintiffs have alleged that the minor plaintiff had a pre-existing emotional disturbance and that he has suffered additional psychological and emotional injuries directly caused by the actions of defendant CIU. The plaintiffs seek to recover on this basis. Moreover, during the discovery process, the plaintiffs acknowledged that the minor plaintiff has been treated on an ongoing basis by a psychiatrist and other mental health professionals, and that they intend to call experts and medical providers to testify regarding his mental condition at trial. Thus, to the extent that the defendant seeks the mental examination of the minor plaintiff to determine, as alleged by the plaintiffs, whether the defendant CIU is responsible for an increase in the severity of the minor plaintiff's emotional disturbance behaviors

or whether these conditions were pre-existing to his interactions with the defendant, the defendant CIU has shown good cause to order the mental examination of the minor plaintiff and the defendant's motion will be granted.

In accordance with Fed.R.Civ.P. 35(a), the defendant has proposed a face-to-face interview examination lasting two to three hours and not entailing any physical or psychological tests.  The defendant has further proposed that the minor plaintiff be examined by Dr. Mary Davis, a psychiatrist, at 822 Marietta Avenue, #31, Lancaster, Pennsylvania, on May 11, 2005, at 2:00 p.m., or at such time as mutually agreed upon by Dr. Davis and the plaintiffs.  Because the specific time proposed by the defendant passed prior to consideration of the instant motion, the court will direct the parties to confer with Dr. Davis to reach a mutually agreeable date for the examination.  The examination is to be scheduled with the June 30, 2005, expert report deadline in mind.

As a final matter, the court notes that the plaintiffs also challenge the defendant's motion on the basis that it is untimely because the deadline for discovery expired on April 15, 2005.  (Doc. No. 80, p. 4).

With respect to this argument, the court notes that, even to the extent that the April 15, 2005, deadline is controlling, granting the defendant's motion will not prejudice the plaintiffs.  To this extent, as noted in the court's previous order of April 12, 2005, it was the actions of the plaintiff, Maria Jacqueline Disen-Colon, which have continually delayed the proceedings in this action.  Thus, allowing the defendant an opportunity to have the minor plaintiff

3

examined at this point and submit an expert report, which is not due to be filed by the defendant until June 30, 2005, will not impose any prejudice upon the plaintiffs.

On the basis of the foregoing,

**IT IS HEREBY ORDERED THAT:**

**(1)** the Defendant's Motion for Mental Examination of Minor Plaintiff Brandon Colon, **(Doc. No. 78)**, is **GRANTED**; and

**(2)** the parties are to confer with Dr. Davis to determine a mutually agreeable date for the examination of the minor plaintiff and, in doing so, should keep in mind the defendant's expert report deadline of June 30, 2005.

> **s/ Malachy E. Mannion**
> **MALACHY E. MANNION**
> **United States Magistrate Judge**

**Dated:** May 27, 2005

O:\shared\ORDERS\2002 ORDERS\02-2123.9