IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON COLON, a minor
by his mother and legal guardian,
Maria Jacqueline Disen-Colon, and
MARIA JACQUELINE
DISEN-COLON, Individually
        Plaintiffs

v.

COLONIAL INTERMEDIATE UNIT
20, JEFFREY KARPEN, CHERYL
BERRY and JOSEPH MICKLEY,
        Defendants

No. 3:02cv2123

(Judge Munley)

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge Malachy E. Mannion that provides a suggested disposition for the: (1) motion for summary judgment filed on behalf of Defendants Colonial Intermediate Unit 20, ("CIU20") and Joseph Mickley; (2) motion for summary judgment filed on behalf of Jeffrey Karpen; and (3) cross-motion for summary judgment filed on behalf of the plaintiffs, Brandon Colon and Maria Disen-Colon. Defendants CIU20 and Jeffrey Karpen filed objections to the report and recommendation.

**Background**

Plaintiff Brandon Colon (hereinafter "Brandon") is a resident of the Pocono Mountain School District which is within the service area of CIU20. Brandon suffers from serious emotional disturbance, and he is an eligible exceptional student[1] entitled to special education and related services pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.

---

[1]"Exceptional children" are "children of school age who deviate from the average in physical, mental, emotional or social characteristics to such an extent that they require special educational facilities or services. . . ." 24 P.S. § 13 - 1371.

§ 1401, *et seq.* He is also a child with a disability within the meaning of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)(2) and the Americans with Disabilities Act, (hereinafter "ADA"), 42 U.S.C. § 12101. Plaintiff Maria Jacqueline Disen-Colon (hereinafter "Maria") is Brandon's mother and natural guardian.

Defendant CIU20 is responsible for providing special education and related services to students with disabilities who are placed in Intermediate Unit programs by local school districts. Defendant Joseph Mickley, PhD, is the Executive Director of CIU20. Defendant Cheryl Berry is a mental health treatment specialist with CIU20. Defendant Jeffrey Karpen is a CIU20 teacher who taught Brandon.

When Plaintiff Brandon began the third grade at Pocono Mountain School District, the school district evaluated him because he lacked success in the classroom. The school district performed a multidisciplinary evaluation that resulted in the production of a comprehensive evaluation report ("CER"). The CER concluded that a serious emotional disturbance caused plaintiff's lack of success in the classroom.

The school then developed an individual education program ("IEP") for Brandon based upon the CER. At the beginning of the 2000-2001 school year, third grade for the plaintiff, the district placed him in the Barrett Elementary Center within the district. He attended this center until February 2001 at which time, the school district assigned him to the Pocono Mountain Elementary Center North. During the school year, Brandon "exhibited serious behavior problems which included banging his head, slapping his face, threatening and hitting other students, throwing furniture, and leaving the classroom without permission." Amended Complaint, at ¶ 26. During this time, school district personnel used passive restraints on Brandon.

On September 27, 2001, Dr. Martha Turnberg performed a psychiatric

evaluation on Brandon for the district. She recommended that his placement be changed to a partial hospitalization program to address his academic, behavioral and emotional needs. Subsequently, the school district placed Brandon in the CIU20's partial hospitalization program. The CIU20's treatment of Brandon while he participated in this program is the basis of the instant law suit.

Brandon participated in the partial hospitalization program from October 2001 through December 11, 2001. During his time in the program, Brandon continued verbal and physical abuse of others and self-injurious behaviors. According to the Amended Complaint, CIU20 personnel who were assigned to work with him, including Defendants Berry and Karpen, repeatedly subjected him to punishment for behavior that was a manifestation of his disability. CIU20 personnel utilized the following in dealing with Plaintiff Brandon: use of physical restraints; placement in a "time out" room for an entire day; and deprivation of benefits generally available to students in the program, such as hot lunches, bathroom privileges and regular breaks.

On December 11, 2001, the CIU 20 informed Maria that Brandon was immediately discharged from the partial hospitalization program and his placement changed to "homebound" placement.

Based upon the above allegations, plaintiffs commenced the instant action. On April 8, 2003, plaintiffs filed an amended complaint alleging the following causes of action: 1) deprivation of Brandon's rights under the IDEA, 34 C.F.R. Part 300 and 22 Pa. Code § 14.133; 2) deprivation of Maria's rights to due process under IDEA, 34 C.F.R. Part 300 and 22 Pa. Code § 14.133; 3) deprivation of Brandon's rights under § 504 of the Rehabilitation Act of 1973; 29 U.S.C. § 729; 4) deprivation of Maria's rights to remain free from discrimination because of her association with Brandon, a person with a disability, under § 504 of the Rehabilitation Act of 1973; 29 U.S.C. § 729; 5)

deprivation of Brandon's rights under the ADA, 42 U.S.C. 12101; 6) deprivation of Maria's rights to remain free from discrimination because of her association with Brandon, a person with a disability, under the ADA, 42 U.S.C. 12101; 7) deprivation of rights under the IDEA, the Rehabilitation Act and the ADA, in violation of the civil rights under 42 U.S.C. § 1983, against the individual defendants and 8) violation, by Defendant CIU20, of Brandon's rights in the adoption of a policy or practice of failing to assure that children such as Brandon are provided with appropriate individualized educational programming as a means of preventing the imposition of punishment for behavior that is a manifestation of disability.

Plaintiffs seek a declaration from the court that the defendants violated their rights under the IDEA, ADA and Rehabilitation Act. In addition, plaintiffs seek compensatory and punitive damages, costs and attorney's fees.

In July 2004, Defendants CIU20 and Karpen filed motions to dismiss. On November 18, 2004, Magistrate Judge Mannion issued a report and recommendation recommending the disposition of the motions to dismiss. The parties filed no timely objections to the report and recommendation. Therefore, we adopted it on December 13, 2004, and granted the motions to dismiss in part and denied them in part.

After the close of discovery, the parties filed several motions for summary judgment. The instant report and recommendation addresses these motions. Defendants Jeffrey Karpen and CIU20 filed objections to the report and recommendation, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to the IDEA, ADA, Rehabilitation Act, and section 1983, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental

jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

In disposing of objections to a magistrate's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions. Id.

Magistrate Mannion's report and recommendation addresses motions for summary judgment. Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for

5

summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Initially, we will provide a brief overview of the various statutes invoked by the plaintiffs. As noted above, plaintiffs have brought suit pursuant to the IDEA. The purpose of the IDEA is to "assure that all handicapped children have available to them . . . a free appropriate public education." 20 U.S.C. § 1400(c). Included in the definition of "handicapped children" are children who, like Brandon, suffer from "serious emotional disturbance. . . who by reason thereof, need special education and related services." 20 U.S.C. § 1401(3)(A). In order to receive federal funding to aid in the education of the disabled, states must provide programs that comply with IDEA requirements. 20 U.S.C. § 1412. Included in the requirements is that the state has in effect "a policy that assures all children with disabilities the right to a free appropriate public education." 20 U.S.C. § 1412(1).

The congressional goal of providing a free appropriate education is implemented through the use of an "individualized educational program" (hereinafter "IEP"), which is developed for each disabled child. 20 U.S.C. § 1412(4). The IEP is developed by the parents, representatives of the school and where appropriate, the disabled child. 20 U.S.C. § 1414(b). It sets out "the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to

meet those objectives." Honig v. Doe, 484 U.S. 305, 311 (1988). A yearly review of the IEP is performed to determine if any revisions are necessary to provide a free and appropriate education to each child's unique needs. Id.

Plaintiffs also sue under section 504 of the Rehabilitation Act, 29 U.S.C. § 729 (hereinafter "section 504"). This statute prohibits discrimination against the disabled in federally funded programs. Specifically, the law provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . .

29 U.S.C. § 794(a).

The IDEA and section 504 provide equivalent requirements. The IDEA, provides an affirmative duty to provide education, whereas the Rehabilitation Act prohibits discrimination against the disabled. W.B. v. Matula, 67 F.3d 484, 492-93 (3d Cir. 1995).

The third act under which the defendant sues is the ADA. Like section 504, the ADA prohibits discrimination against the disabled.

The fourth statutory claim that the plaintiffs make is filed pursuant to 42 U.S.C. § 1983 (hereinafter "section 1983"). Section 1983 is not a source of substantive rights, but is rather, a means to redress deprivation by state officials of rights secured by the United States Constitution or certain federal statutes. W.B., 67 F.3d at 493. Section 1983 may be used to remedy a violation of the IDEA. Id. at 494.

Bearing these various statutes in mind, we will now address the objections filed by the defendants.

I. Defendant CIU20

Defendant CIU20's basically objects to two of the magistrate's findings. It objects to the denial of its motion for summary judgment with regard to

7

whether it can be held liable to the plaintiffs because it was not responsible for providing Brandon with a free appropriate public education ("FAPE"). It also objects to the magistrate judge denying it summary judgment on the grounds of failure to exhaust administrative remedies. We will address these two claims separately.

### A. FAPE

In its motion for summary judgment, CIU20 argues that the Pocono Mountain School District is the Local Educational Agency ("LEA") responsible for Plaintiff Brandon's FAPE. Therefore, it is CIU20's position that it cannot be held liable under the IDEA.

In addressing this issue, Magistrate Judge Mannion noted that the defendant raised the same issue in the motion to dismiss this case. In his report and recommendation regarding the motion to dismiss the Magistrate Judge recommended denying the motion with respect to the LEA/FAPE arguments. CIU20 raised no objection to the Magistrate Judge's recommendation with regard to the motion to dismiss, and we adopted the recommendation. Thus, in the report and recommendation regarding the motion for summary judgment, Magistrate Judge Mannion states: "[T]he court finds no basis to revisit the issue on defendants' motion for summary judgment and stands by its prior decision." (Doc. 112, Report and Recommendation at 11).

Defendant CIU20 asserts that the motion to dismiss standard and the motion for summary judgment standard are different, therefore, it is proper to address this issue again. It claims that evidence, which could not be used to determine the motion to dismiss, is now available and it is proper to examine this evidence for purposes of deciding the summary judgment motion.

We have reviewed the claim to determine if CIU20 has submitted any evidence that should change the magistrate's analysis in the report and

recommendation of November 18, 2004, and it has not.  The evidence to which defendant refers the court indicates that the plaintiffs have already been involved with proceedings against the school district regarding the IDEA.  The school district and the plaintiffs eventually entered into a settlement agreement.  (Def. CIU20, App. 14).  This evidence, although it will be discussed more fully below, provides basis for us to alter the Magistrate Judge's recommendation.  In fact, the report and recommendation specifically addresses this very settlement agreement.  (Doc. 58, Report and Recommendation of 11/18/04 at 11 - 20).

Basically, Defendant CIU20 is urging us, via its summary judgment motion, to reconsider a decision already made in this case.  Thus, we will treat this portion of CIU20's motion as a motion for reconsideration of our order of December 13, 2004 order adopting the Magistrate Judge's original report and recommendation.

The time limit for filing such a motion for reconsideration is ten (10) days.  See Local Rule 7.10 ("Any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment, order or decree concerned.")  Defendant CIU20's filed its motion for summary judgment on July 29, 2005, over seven (7) months after the entry of the order at issue.  As such, the motion is late.

Besides being late, the motion lacks merit.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.

9

Max's Seafood Café, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).

In the instant case, CIU20 evidently argues that our previous ruling is a clear error of law. With no citation to any legal authority, defendant contends that "Plaintiff is not entitled to seek relief from more than one educational agency for FAPE." (Doc. 114, Defendant CIU20's Brief in Support of Objections, at 8). The law, however, as cited by the Magistrate Judge, indicates that an intermediate unit can be responsible, or co-responsible, for providing FAPE.

The law in Pennsylvania provides that the primary responsibility for identifying exceptional children and developing appropriate educational programs to meet their needs lies with the local school district. 22 Pa. Code § 13.11(b). When, however, the school district cannot provide an appropriate program effectively and efficiently, it uses the services of the intermediate unit. Intermediate units such as Defendant CIU20 are charged with the duty to "provide for the proper education and training for all exceptional children who are not enrolled in classes or schools maintained and operated by school district or who are not otherwise provided for." 24 P.S. § 1372(4).

Accordingly, the case law reveals that intermediate units may be held liable under IDEA. See, e.g., M.K. v. Ephrata Area School, No. Civ.A.03CV-4319, 2004 WL 1052999 (E.D. Pa. May 5, 2004); Johnson v. Lancaster County Children and Youth Service, No. Civ. A. 92-7135, 1993 WL 245280 (E.D. Pa. July 2, 1993).

Defendant's motion for reconsideration, styled as a motion for summary judgment, will thus be denied. Defendant CIU20 presents no evidence in support of the motion for summary judgment that would change what are

generally questions of law that were previously decided in the report and recommendation of November 18, 2004.

Similarly, CIU20 argues that a settlement agreement between the Pocono Mountain School District and the plaintiffs regarding the same issues as this lawsuit precludes the plaintiff from seeking damages from it. The Magistrate Judge also rejected CIU20's argument regarding this settlement agreement in the original report and recommendation, and CIU20 did not object. There is no reason to reconsider that decision. No facts have come out in discovery that would alter the magistrate's original conclusion to which the CIU20 did not object. Moreover, the settlement agreement explicitly provides that the plaintiffs "do not waive any claims they might otherwise have against Colonial Intermediate Unit 20 . . . . This agreement is exclusively between the Parents and the Pocono Mountain School District." (Id. at ¶ 6).

Accordingly, the school district and the CIU20 can be jointly responsible for the FAPE of Plaintiff, and the settlement agreement does not preclude the instant action. Therefore, CIU20's objection with regard to these issues will be overruled.

### B. Exhaustion of Administrative Remedies

Defendant CIU's objections next address the issue of exhaustion of administrative remedies. The Magistrate Judge discussed the issue of exhaustion of administrative remedies as a matter of law in the November 18, 2004 report and recommendation. The magistrate concluded that as a matter of law, plaintiffs did not need to exhaust their administrative remedies in the instant case. Defendant did not object to this finding at the time, and this court adopted the Magistrate Judge's conclusion. (See Doc. 59, 12/13/04 order adopting Magistrate Judge's report and recommendation).

Defendant CIU20, however, raised the identical issue in the motion for summary judgment. CIU contends that "[t]he Magistrate Judge failed to take

into account Defendant's record evidence and arguments that Plaintiffs failed to exhaust their administrative remedies against CIU20." (CIU20's Brief in Support of Objections at 10). The record evidence on this issue, however, does not affect the outcome. This issue is merely a matter of law, and no reason exists for the defendant to raise the issue again as it already has been dealt with in the motion to dismiss.

Once again, defendant has effectively raised a motion for reconsideration of this court's order adopting the report and recommendation of November 14, 2004. Defendant has not established a basis for us to reconsider our decision. As it is a question of law, evidence gathered during discovery is immaterial.

Generally, exhaustion is, in fact, necessary for an IDEA claim. See 20 U.S.C. § 1415(f). The Third Circuit Court of Appeals, has held, however, that exhaustion is not necessary where the plaintiffs seek compensatory damages. W.B. v. Matula, 67 F.3d 484, 495-96 (3d Cir. 1995). In the instant case, a review of the amended complaint indicates that the plaintiffs seek compensatory damages. (Doc. 17, Amended Complaint, Request For Relief, ¶ 1-4). Exhaustion, therefore, is not required.

For the reasons set forth above, the objections filed by Defendant CIU20 will be denied, and the Magistrate Judge's report and recommendation will be adopted with regard to whether the CIU20 can be held liable under IDEA, and whether exhaustion of administrative remedies is necessary.

## II. Defendant Jeffrey Karpen

Plaintiffs have also sued Jeffrey Karpen. Karpen served as Plaintiff Brandon Colon's teacher at CIU20. At the close of discovery Karpen filed a motion for summary judgment. The Magistrate Judge presented a suggested disposition of the motion in his report and recommendation of March 10, 2006. Karpen objects to the report and recommendation, raising the

following three issues: 1) Is Defendant Karpen an appropriate party under IDEA? 2) Is Defendant Karpen immune from suit?; and 3) Do the plaintiffs fail to state a cause of action for punitive damages? We shall address these issues in seriatim.

### A. IDEA

First, Defendant Karpen argues that as an individual, he cannot be held liable to the plaintiffs for denial of a free appropriate public education under the IDEA. Prior to the motion for summary judgment, Defendant Karpen filed a motion to dismiss. In his report and recommendation dealing with the motion to dismiss, the Magistrate Judge suggested denying Karpen's motion. Karpen did not object to the report and recommendation, and this court adopted the report and recommendation on December 13, 2004. (Doc. 59).

In the current report and recommendation, the Magistrate Judge suggests denying the defendant's argument that he cannot be held liable under IDEA, in part, because he failed to object to the report and recommendation dealing with the motion to dismiss. A review of the relevant report and recommendation, however, reveals that the precise issue that Defendant Karpen now advances was not addressed in it.

The motion to dismiss report and recommendation dealt with the issues of whether Karpen could be held personally liable under the ADA or section 504 of the Rehabilitation Act. It also addressed the issue of whether qualified immunity is applicable to the section 1983/IDEA cause of action. It did not address whether Karpen can be held individually liable under the IDEA. As this Magistrate Judge did not address this issue in the motion to dismiss report and recommendation, it is appropriate for us to address it with regard to the motion for summary judgment.

The IDEA imposes requirements on public educational authorities and private entities that accept placement of IDEA covered students. <u>P.N. v.</u>

Greco, 282 F. Supp. 2d 221, 238 (D.N.J. 2003). Liability under the IDEA does not extend to individual actors such as Defendant Karpen. Id. Accordingly, to the extent that the complaint seeks to impose individual liability under the IDEA against Defendant Karpen, the motion for summary judgment will be granted.

Although, individual liability cannot be imposed *directly* under IDEA, it can be imposed indirectly if suit is brought under section 1983 for a violation of IDEA. W.B. v. Matula, 67 F.3d 484 (3d Cir. 1995). Plaintiff has alleged such a cause of action in this case. Therefore, to the extent that the plaintiff seeks to impose individual liability under the IDEA through section 1983, judgment will not be granted to Defendant Karpen.

**B. Is Karpen immune from suit?**

Next, Karpen argues that the defense of qualified immunity is available to him as a school official. The defense of qualified immunity may, in fact, be raised by school officials who are alleged to have violated the IDEA. W.B., 67 F.3d at 499. To determine if Defendant Karpen enjoys qualified immunity in his individual capacity, we first determine whether plaintiff has alleged a constitutional or statutory violation. Id. "If so, defendants will nevertheless not be liable if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. (internal quotation marks omitted).

For a right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that his actions violate that right. The official is entitled to qualified immunity if the right was not clearly established when he acted, because the official cannot be expected to anticipate subsequent legal developments. Id. (internal quotation marks and citations omitted).

In the instant case, plaintiffs assert a violation of the IDEA as the basis

for their section 1983 claim to which Defendant Karpen claims qualified immunity. "[T]o defeat a qualified immunity defense in an IDEA action, a plaintiff must show more than that he or she was denied a free, appropriate public education in a general sense; rather a plaintiff must demonstrate that the particular actions taken by defendants were impermissible under law established at that time." Id. at 499-500 (internal quotation marks and citations omitted).

As an initial matter, Defendant Karpen asserts that plaintiff did not respond to his statement of material facts, therefore, all the facts therein should be taken as admitted. We disagree. While plaintiffs did not specifically reply to the statement of material facts filed by Defendant Karpen, they did file their own statement of material facts addressing many of the same issues. Accordingly, we will not treat Defendant Karpen's statement of material facts as admitted. Our decision is especially apt, as Defendant Karpen raises this issue for the first time in his brief in support of his objections to the Magistrate Judge's report and recommendation, and thus the Magistrate Judge did not have an opportunity to address it.

Instantly, plaintiffs allege Defendant Karpen violated the IDEA by punishing Plaintiff Brandon for behavior that was merely a manifestation of his disability and using restraints on him even though his IEP contained no behavioral management plan and no IEP meeting was convened to consider the appropriateness of the plaintiff's programs.

Because we do not accept Defendant Karpen's statement of material facts as true, we are in agreement with the Magistrate Judge that a genuine issue of material fact exists as to whether Defendant Karpen's action of, inter alia, placing Plaintiff Brandon in time-out and the use of passive restraints, were done for Brandon's safety and the safety of others or whether they were in fact punishment for behavior which is a manifestation of Brandon's

disability. Accordingly, a genuine issue of material fact exists as to whether Karpen's actions violated clearly established laws, and we will adopt the Magistrate Judge's report and recommendation recommending the denial of summary judgment with regard to the qualified immunity claim.

### C. Punitive damages

The final issue raised by Defendant Karpen is punitive damages. He argues that the record reveals that he did not act with the requisite state of mind necessary for the imposition of punitive damages, and therefore, judgment should be granted in his favor on the punitive damages claim. We disagree.

In section 1983 cases, punitive damages are available where the defendants have acted with a "reckless or callous disregard of, or indifference to, the rights and safety of others." Keenan v. City of Philadelphia, 983 F.2d 459, 469-70 (3d Cir. 1992) (internal quotation marks, citation omitted). In the instant case, Defendant Karpen states that it is uncontested that he only restrained the plaintiff in situations where he was attempting to injure himself, others, or school property, therefore, punitive damages are inappropriate. As set forth above, however, genuine issues of material fact exist as to his reasons for restraining the plaintiff, therefore, summary judgment on the issue of punitive damages is inappropriate.

## III. Portions of the report and recommendation without objections

Defendant Mickley and the plaintiffs also filed motions for summary judgment. They, however, did not file objections to the Magistrate Judge's report and recommendation. Magistrate Judge Mannion suggests granting summary judgment to Defendant Joseph Mickley on all the counts remaining against him. He also recommends that plaintiffs' motion for summary judgment be denied completely. No objections have been filed to these recommendations.

In order to decide whether to adopt the portions of a report and recommendation that are not objected to, we must determine whether a review of the record evidences plain error or manifest injustice. See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).

After a careful review, we find neither a clear error on the face of the record nor a manifest injustice, and therefore, we shall adopt the report and recommendation with respect to Defendant Mickley and grant judgment in his favor. We will also adopt the report and recommendation with respect to the denial of the plaintiffs' motion for summary judgment.

**Conclusion**

For the reasons set forth above, the defendants' objections to Magistrate Judge Mannion's report and recommendation will be overruled in part and sustained in part. The objections will be sustained with regard to Defendant Karpen's argument that he cannot be personally liable under the IDEA. The objections will be overruled in all other respects. An appropriate order follows.

Due to the disposition of the motion to dismiss and the motion for summary judgment, the status of the parties is as follows: Plaintiff Maria Jacqueline Disen-Colon no longer has any individual claims; all claims remain against CIU20; no claims remain against Defendant Mickley; the section 1983 claim against Defendant Karpen remains as well as the punitive damages claim against Karpen in his individual capacity. Otherwise, the punitive damages claim is out of the case. The status of Defendant Cheryl Berry is unknown. Plaintiff has evidently been prosecuting this action despite the fact that Berry is unrepresented and has evidently not taken part in any of the

proceedings. Remaining in the case, therefore, are all of Plaintiff Brandon Colon's claims against CIU20, and his section 1983 claim, including punitive damage, against Defendant Karpen.

proceedings. Remaining in the case, therefore, are all of Plaintiff Brandon Colon's claims against CIU20, and his section 1983 claim, including punitive damage, against Defendant Karpen.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON COLON, a minor
by his mother and legal guardian,
Maria Jacqueline Disen-Colon, and
MARIA JACQUELINE
DISEN-COLON, Individually
          Plaintiffs

      v.

COLONIAL INTERMEDIATE UNIT
20, JEFFREY KARPEN, CHERYL
BERRY and JOSEPH MICKLEY,
          Defendants

No. 3:02cv2123

(Judge Munley)

## ORDER

**AND NOW**, to wit, this 4th day of August 2006 it is hereby ordered as follows:

1) The objections to the report and recommendation filed by Colonial Intermediate Unit 20 (Doc. 113) are **OVERRULED**;

2) The objections to the report and recommendation filed by Defendant Jeffrey Karpen (Doc. 115) are **SUSTAINED** to the extent that he claims he cannot be held liable in an individual capacity for a direct violation of the IDEA, they are **OVERRULED** in all other respects;

3) Magistrate Judge Mannion's report and recommendation (Doc. 112) is **ADOPTED** except to the extent that it suggests that Defendant Karpen can be held liable directly for a violation of the IDEA in his individual capacity;

4) Plaintiffs' motion for summary judgment (Doc. 96) is **DENIED**;

5) The motion for summary judgment filed by Colonial Intermediate Unit 20 and Joseph Mickley (Doc. 91) is **GRANTED** to the extent that judgment is **GRANTED** to Defendant Mickley and against the plaintiffs; the punitive damage claims against both defendants is **DISMISSED**; and the individual claims of Plaintiff Maria Jacqueline Disen-Colon are **DISMISSED**. The motion is **DENIED** in all other respects;

6) The motion for summary judgment filed by Defendant Jeffrey Karpen (Doc. 93) is **GRANTED** except to the extent that the section 1983 claim based upon a violation of the IDEA and the punitive damages claim both remain.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

19